[Docket No. 25]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD TITLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>HANOVER INSURANCE COMPANY and MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>    Defendants. | Civil No. 1:18-cv-13388 (RMB)<br><br>OPINION |

APPEARANCES:

By:  Mark J. Hill, Esq.
400 North Church Street, Suite 250
Moorestown, New Jersey 08057
    *Attorney for Plaintiff Richard Titley*

FINAZZO, CORROLINI, O'LEARY, MEOLA & HAGER, LLC
By:  Jeremiah L. O'Leary, Esq.
     Jonathan M. Zagha, Esq.
67 East Park Place, Suite 901
Morristown, New Jersey 07960
    *Attorneys for Defendant Hanover Insurance Company and*
    *Massachusetts Bay Insurance Company*

**BUMB**, UNITED STATES DISTRICT JUDGE:

After the radiator pipes in Plaintiff Richard Titley's ("Plaintiff") home burst, causing extensive damage, Plaintiff's homeowner's insurance company, Defendant Massachusetts Bay Company ("Mass Bay") denied his claim.  Plaintiff thereafter filed this suit asserting breach of contract and bad faith

1

claims against Mass Bay and Defendant Hanover Insurance Company ("Hanover").[1] Presently before the Court is Defendants' Motion for Summary Judgment. For the reasons stated herein, the Motion will be granted in part and denied in part.

I. **FACTUAL BACKGROUND**

On December 14, 2017, Plaintiff entered into a homeowners insurance policy with Mass Bay. The relevant provision of the policy between the parties reads

**SECTION I – PERILS INSURED AGAINST**
**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. **We do not insure**, however, **for loss**:

2. **Caused by:**

   a. **Freezing** of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion applies **only while the dwelling is vacant**, unoccupied or being constructed, **unless you have used reasonable care** to:

      (1) **Maintain heat** in the building; or
      (2) Shut off the water supply and drain the system and

---

[1] Plaintiff alleges he entered into a homeowners insurance policy with both Mass Bay and Hanover. (Pl. SMFND ¶ 3) Defendants assert, however, that the policy was issued solely by Mass Bay and there is no contract between Hanover and Plaintiff. (Moving Brief, p. 25) In opposition, Plaintiff appears to concede that Mass Bay is the proper Defendant to the breach of contract claim, but asserts Hanover may still be liable for the bad faith claim. (Opposition Brief, p. 25)("even if the contract itself was assigned to Mass Bay, the conduct giving rise to Plaintiff's claim for bad faith and processing delay is attributable directly to Hanover. As such, Hanover should remain in the case to answer for bad faith.").

      appliances of water;

(Pl. SMFND ¶ 13)

    Around March 1, 2017, Plaintiff, who was approximately 76 years old at the time, left his home to temporarily live with his son in Texas while Plaintiff underwent orthopedic replacement of both knees and extensive rehabilitation. (Pl. SMFND ¶¶ 1, 4).

    Upon departure, Plaintiff set his thermostat to 60 degrees, secured most windows in his home, and left the gas supply on to ensure heating. (Pl. SMFND ¶ 8)  Plaintiff's water supply was never shut off. (Def. SMFND[2] ¶ 5)  Plaintiff kept a key with his neighbor and notified local police he would be away for a period of time. Id.  Plaintiff did not hire or otherwise request anyone to check on his house in his absence.

    Plaintiff received a flier in the mail at some point before his departure stating that his gas provider, South Jersey Gas, would be undertaking a project that "could" result in interruptions in gas service. (Pl. Resp. SMFND ¶ 11)  Before Plaintiff left, South Jersey Gas did conduct some work outside of his home, resulting in no interruptions. Id.

    Plaintiff's mail was forwarded to his son's home while he was away. (Pl. SMFND ¶ 9)  Plaintiff never received express

---

[2] "Def. SMFND" refers to Defendant's "Statement of Material Facts Not in Dispute" filed pursuant to L. Civ. R. 56.1.

notice that his gas supply was turned off, but did receive and pay eight monthly gas bills from South Jersey Gas. Id.  The nature of Plaintiff's payment plan caused the bills to remain relatively constant even though gas was not supplied to the house. Id.

Plaintiff's return home was delayed following his procedures. (Pl. SMFND ¶ 4)[3]  Therefore, Plaintiff did not return to New Jersey until February 14, 2018. (Pl. SMFND ¶ 4)  Before Plaintiff entered his home, he fell exiting the car which transported him from the airport. Id.  As a result of the fall, 911 was dispatched and emergency responders transported Plaintiff to a hospital in an ambulance.  At this time, the responders opened the door to Plaintiff's property and discovered major flooding and water damage. (Pl. SMFND ¶ 1)

Plaintiff filed an insurance claim immediately. (Pl. SMFND ¶ 10)  After inspection, it was clear the damage was caused by radiator pipes freezing and bursting as a result of no heat being supplied to the house. (Pl. SMFND ¶ 5)  Plaintiff discovered that his gas was turned off by South Jersey Gas and/or a municipal contractor in connection with sidewalk repairs. (Pl's Ex. F, Dkt. #20-10)

---

[3] Plaintiff's opposition brief explains that both the first and second knee replacements resulted in "unexpected complications" that prolonged Plaintiff's rehabilitation period. (Opposition Brief, p. 2)

4

On March 15, 2018, Plaintiff's claim was denied. (Pl. SMFND ¶ 16)  The denial stated, "since your loss is the direct result of the gas line being locked out and freezing we must take the position that your claim does not fall within the terms of your policy." (Pl. SMFND ¶ 17)

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law[.]"  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party."  Meyer v. Riegel Prods. Corps., 720 F.2d 303, 307 n.2 (3d Cir. 1983).  However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial.  Anderson, 477 U.S. at 252.  Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them.

Scott v. Harris, 550 U.S. 372, 380 (2007).  In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party[.]"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)).  In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: she "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment.  Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord, Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs.,

Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")).

**III. ANALYSIS**

**A. Breach of Contract**

Plaintiff asserts Defendant Mass Bay breached the insurance policy contract by denying the claim. Specifically, Plaintiff argues he exercised reasonable care in maintaining heat to the property sufficient to fall within the exclusion to coverage provision. Defendant argues that Plaintiff's actions were unreasonable as a matter of law and therefore the denial did not breach the policy guarantees.

The policy at issue precludes coverage from damage resulting from frozen pipes *unless* the insurer uses reasonable care to maintain heat. Thus, the issue is whether a jury could find on this record that Plaintiff used reasonable care to maintain heat in his home during his prolonged absence. The Court holds that a jury could very well find that Plaintiff acted reasonably.[4]

It is undisputed that Plaintiff left the house with the thermostat set at 60 degrees, left spare keys with neighbors, and notified the police he was leaving. Furthermore, while Plaintiff received notice before he left that some municipal

---

[4] Reasonableness is a "paradigmatic question for the jury." Minarsky v. Susquehanna Cty., 895 F.3d 303, 314 (3d Cir. 2018).

7

repairs "could" result in a gas outage, nothing in the record suggests that Plaintiff had any reason to know that the interruption was certain, or even likely, to happen.

From these undisputed facts alone a jury could find that Plaintiff acted reasonably. Indeed, it is difficult to believe a jury would find otherwise. Defendants' reliance on Plaintiff's gas bills does not alter the Court's conclusion. While the record shows that Plaintiff's gas bills showed no usage of gas, and that Plaintiff received those bills while staying with his son, it is undisputed that, due to the nature of Plaintiff's billing plan, each bill reflected that Plaintiff owed payment to South Jersey Gas, rather than reflecting that Plaintiff owed nothing. Thus, Plaintiff argues the bills obscured-- or at least called into question-- whether there actually was no gas being supplied to the house for months in a row. This is sufficient to raise an issue of material fact for determination by a jury. Moreover, even if a jury found that Plaintiff should have noticed the "no usage" of gas, a jury could nonetheless easily find that by the time Plaintiff should have noticed, the damage had already been done, as the gas work was completed by June 2017, supporting an inference that the damage was done shortly after Plaintiff left in March, during the latter part of winter.

8

Accordingly, the Motion for Summary Judgment will be denied as to the breach of contract claim against Mass Bay.[5]

**B. Bad Faith**

Plaintiff asserts Defendants acted in bad faith in denying and processing his claim for recovery. Defendant contends there was a fairly debatable basis for denying coverage and there was no delay, thus there was no bad faith.

An insurer can be found to have exercised bad faith in either denying or processing a claim. These two issues have "essentially the same" test under New Jersey law, namely, the "fairly debatable" standard. Pickett v. Lloyds, 131 N.J. 457, 473 (1993). A bad faith denial claim succeeds when "no debatable reasons existed for denial of the benefits." Pickett, 131 N.J. at 481. For a processing claim, bad faith is established when there is "no valid reason to delay and the insurance company knew or recklessly disregarded the fact that no valid reasons supported the delay." Id. (explaining that bad faith is "not mere mishandling of an account but rather knowledge that no reason [for denying the claim] existed"); see also, Wadeer v. New Jersey Mfrs. Ins. Co., 220 N.J. 591, 595 (2015).

---

[5] As Plaintiff has apparently conceded that Hanover is not a proper Defendant to the breach of contract claim, see supra n. 1, summary judgment will be granted as to the breach of contract claim against Hanover.

9

Plaintiff first contends that Defendant acted in bad faith in denying the claim. Defendant's denial, however, does not meet Pickett's high threshold for bad faith liability. The policy at issue specifically precludes coverage for damage resulting from frozen pipes unless the insured maintained heat or shut off the water. Plaintiff admits to not shutting off the water. Moreover, the interruption of gas service to the house did result in heat not being maintained. Plaintiff left his house unattended for over a year, with no one checking in on the property, and the gas bills did show no gas usage, even though the bills also charged Plaintiff every month. Thus, while the question of reasonable care will be submitted to the jury, a reasonable factfinder could only find on this record that coverage was, indeed, fairly debatable.

As to Plaintiff's delay in processing theory, Plaintiff claims that Defendants impermissibly focused on "the result" rather than the "reasonable care" exercised to ensure the house was heated. (Opposition Brief, p. 26) However, bad faith process claims are typically grounded in an excessive delay, not the nature of the process itself, Breitman v. Nat'l Sur. Corp., No. CV 14-7843 (JBS/AMD), 2018 WL 1542151 at *7 (D.N.J. Mar. 29, 2018), and it is undisputed that Defendants promptly responded to and investigated the claim. Indeed, the record shows that an investigation took place within days of the loss, and a final

10

determination was issued exactly one month after the discovery of the loss.

Accordingly, the Motion for Summary Judgment will be granted as to the bad faith claim.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be denied as to Plaintiff's breach of contract claim against Mass Bay and granted in all other respects. An appropriate Order shall issue on this date.

Dated: September 2, 2020     _s/ Renee Marie Bumb_____
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE

---

[6] Since the bad faith claim fails on the merits, the Court need not reach the issue of which Defendant-- Mass Bay, or Hanover, or both-- would be liable for the bad faith claim.